IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,731-01






EX PARTE KENNETH MICHAEL HEADLY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 918022 IN THE 228TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to life imprisonment. The First Court of Appeals affirmed his conviction. Headly v. State,
No. 01-02-01271-CR (Tex. App. - Houston [1st Dist.], June 10, 2004, pet. ref'd).

 Applicant contends, inter alia, that the State knowingly withheld favorable evidence from
the defense prior to trial. Applicant alleges that the State's eyewitness was shown two different
video lineups, but that only one of those lineups was disclosed to the defense. Applicant alleges that
the witness identified someone other than Applicant as the shooter in the first lineup she was shown,
and that the State failed to disclose this fact to the defense. 

 Applicant also alleges that his trial counsel rendered ineffective assistance because counsel
failed to object when it became clear that the prosecutor had withheld favorable evidence of the
existence of a video lineup in which the State's witness had identified someone else as the shooter. 
Applicant also alleges that counsel failed to investigate Applicant's criminal history, which
prevented counsel from objecting when the prosecutor mis-characterized his prior relationship with
the victim in order to convince the trial court to admit hearsay testimony. Applicant alleges that
counsel failed to preserve error when the prosecutor made improper statements vouching for the
credibility of the eyewitness and introducing facts outside the record during closing arguments. 
Applicant alleges that counsel failed to interview and call witnesses to establish Applicant's alibi,
to mitigate his punishment, and to impeach the credibility of the State's eyewitness.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order the trial prosecutor to provide an affidavit stating whether witness Rebecca Broussard was
shown more than one video lineup, and whether she ever identified anyone other than Applicant as
the shooter. If Broussard did identify someone other than Applicant in a lineup, the prosecutor shall
state whether the lineup and the identification were disclosed to the defense prior to trial. The trial
court shall also order trial counsel to respond specifically to Applicant's claims of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the State
failed to disclose favorable, material evidence to the defense prior to trial. The trial court shall also
make findings of fact and conclusions of law as to whether the performance of Applicant's trial
counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: January 30, 2013

Do not publish